**In re Anonymous No. 96 D.B. 85**

Disciplinary Board Docket No. 96 D.B. 85.

HEH, *member*, September 3, 1987 — To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your Honorable Court regarding the petition for discipline captioned above.

## HISTORY OF PROCEEDINGS

Respondent was admitted to practice law in the Pennsylvania on October 31, 1974. He maintains his office in [ ], Pa.

Petitioner filed a petition for discipline on December 31, 1985, which was served on respondent on January 14, 1986. The petition consisted of three charges. All three charges alleged violation of DR 1-102(A)(6), which prohibits an attorney from engaging in conduct which adversely reflects on his fitness to practice law.

Charges I and II both alleged violation of DR 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice.

Charges II and III both alleged violation of the following disciplinary rules:

DR 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude.

DR 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misreprentation.

Charge I further alleged the violation of the following disciplinary rules:

DR 6-101(A)(3), which prohibits an attorney from neglecting a matter entrusted to him.

DR 7-101(A)(1), which prohibits an attorney from intentionally failing to seek the lawful objectives of his client.

DR 7-101(A)(2), which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services.

Charge III further alleged the violation of the following disciplinary rules:

DR 7-102(A)(1), which prohibits an attorney from engaging in conduct on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

DR 7-102(A)(8), which prohibits an attorney from knowingly engaging in other illegal conduct or conduct contrary to a disciplinary rule.

DR 7-104(A)(1), which prohibits an attorney from communicating or causing another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Respondent filed an answer to the petition on February 10, 1986. The matter was referred to hearing committee [     ] consisting of [     ]. A hearing was held on September 23, 1986.

The hearing committee filed its report on March 10, 1987, by which the committee recommended

public censure of respondent by the Supreme Court of Pennsylvania under Pa.R.D.E. 204(3) with probation.

Neither party filed exceptions and the matter was referred to the board on March 27, 1987. The board adjudicated the matter on April 10, 1987.

The violations charged in charge I arise from respondent's alleged failure to take action for his client in a domestic dispute in which his client sought to regain an interest in property lost through a coerced agreement.

The violations alleged under charge II arise from respondent's act of sending false letters to his client and disciplinary counsel in response to counsel's inquiry into the matter contained in charge I. Respondent admitted fabricating a letter to his client which had not been sent to his client.

The violations alleged in charge III arise from the execution of an agreement between respondent's client in that matter and the client's wife even though respondent knew she was represented by another attorney. The agreement was executed while the other attorney was not present.

The committee found that respondent had violated DR 1-102(A)(5) and DR 6-101(A)(3) regarding charge I. The committee, however, found no violation of DR 1-102(A)(6), DR 7-101(A)(1) and DR 7-101(A)(2).

Regarding charge II, the committee found that respondent had violated DR 1-102(A)(3), DR 1-102(A)(4), DR 1-102(A)(5) and DR 1-102(A)(6). The committee reasoned that respondent could not take issue with the conclusion on charges I and II as there is no factual dispute between the parties on these matters.

The committee found that respondent had not violated any of the disciplinary rules alleged in

charge III, concluding that the evidence does not support any of the allegations. The committee found that the wife of respondent's client had discharged her attorney and that respondent advised her of her right to counsel.

The committee recommended public censure based on *In Re Anonymous No. 61 DB 82*, 29 D.&C.3d 534 (1983), and rejected respondent's assertion that private reprimand would serve the purposes of disciplinary enforcement. The committee stated that but for respondent's lack of a prior record and good standing in the community the committee would recommend disbarment or suspension.

## FINDINGS OF FACT

*Charge I — The [A] matter*

(1) In 1983, [A] retained respondent concerning two legal matters.

(2) One concerned her dispute with her former husband, [B], over a previously executed agreement wherein she agreed to convey her interest in jointly owned real estate to [B], which agreement [A] contended she signed only by reason of coercion and threats made to her by [B].

(3) Respondent agreed to do what was necessary to regain her rightful share or interest in the property, and [A] paid him a retainer fee of $100.

(4) Respondent prepared a complaint in equity against [B] and [A] signed the affidavit thereto.

(5) Respondent never filed the complaint and never advised [A] of his failure to do so.

(6) For approximately six months at the end of 1983 and in early 1984, respondent failed to return numerous telephone calls from [A] and failed to provide her with any information concerning the status of the matter.

*Charge II — Respondent's fabricated letter to [A].*

(7) Disciplinary counsel sent to respondent a letter dated September 26, 1984, containing allegations that respondent had failed to proceed in a timely manner in his representation of [A]..

(8) Respondent prepared a response dated October 17, 1984, to the letter from disciplinary counsel wherein he stated he had written [A] a letter dated November 14, 1983, and enclosed therewith a copy of said letter.

(9) Respondent prepared the November 14, 1983, letter *after* receiving the September 26, 1984, letter from disciplinary counsel; such letter had never been sent to [A]. The reference to such letter in respondent's October 17, 1984, letter was untrue.

(10) On November 13, 1984, counsel for respondent advised disciplinary counsel's predecessor that the reference to the November 13, 1984, letter in respondent's October 17, 1984, letter was false and that respondent knowingly fabricated the November 13, 1983, letter in an effort to deceive disciplinary counsel and to conceal his neglect of [A's] case.

(11) Respondent formally admitted his fabrication and deceit in his answer to the petition for discipline dated December 10, 1984.

(12) After respondent's retention of his counsel, he has cooperated with the investigation by disciplinary counsel.

*Charge III — The [C] matter.*

(13) Respondent was retained by [C] as his attorney in his domestic relations dispute; [D] represented his wife, [E].

(14) In July 1984, the primary dispute between the [C and E] concerned their respective interests in their jointly owned real estate.

(15) In July 1984, [D] made a demand of $25,000 as [E's] share in the real estate, and then went on vacation for two weeks.

(16) Respondent, on behalf of [C] had offered $10,000.

(17) While [D] was on vacation the parties agreed between themselves that [E] would receive $8,000 for her interest in the real estate.

(18) [C] informed respondent of their agreement; respondent telephoned [D] and was informed he was on vacation.

(19) They executed an agreement to that effect in respondent's office without [D] being present.

(20) In respondent's office, when [C and E] signed the agreement, respondent informed [E] of her right to have counsel; [E] said she had sent a letter of termination to [D's] office during his vacation.

*Respondent's Background and Professional Standing.*

(21) Respondent is 39 years of age, having been admitted to the bar in 1974.

(22) From 1974 to 1981 he was a staff attorney in the [        ] office of [F] Legal Services, which renders legal services to the indigent.

(23) From 1981 to the present he has practiced with a law firm in [        ].

(24) There have been no prior disciplinary proceedings against respondent.

(25) Respondent is married, resides with his wife and has three children.

(26) Respondent has actively participated in bar association, religious and community endeavors.

(27) Respondent has an excellent reputation in the bar and in the community of [        ].

(28) Respondent has sought the aid of a clinical psychologist and is in an ongoing course of therapy with him.

## CONCLUSIONS OF LAW

The board concurs with the hearing committee in finding the following:

*Charge I*

(1) Respondent has violated DR 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice; and has violated DR 6-101(A)(3), which prohibits an attorney from neglecting a matter entrusted to him.

(2) Respondent has not violated DR 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on his fitness to practice law; has not violated DR 7-101(A)(1), which prohibits an attorney from intentionally failing to seek lawful objectives of his client; and has not violated DR 7-101(A)(2), which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services.

*Charge II*

(3) Respondent has violated DR 1-102(A)(3), which prohibits an attorney from engaging in illegal conduct involving moral turpitude; has violated DR 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; has violated DR 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice; and has violated DR 1-

102(A)(6) which prohibits an attorney from engaging in other conduct which adversely reflects on his fitness to practice law.

*Charge III*

(4) Respondent has not violated any of the six disciplinary rules charged against him.

## DISCUSSION

Respondent admits that he did not file a complaint on his client's behalf and that he fabricated a letter to his client to deceive disciplinary counsel. These acts of respondent clearly establish the violations of the disciplinary rules found by the committee and as stated above.

The committee, which heard the evidence and observed the parties involved, found that respondent had not communicated with another lawyer's client. The board adopts this finding and the conclusion that no disciplinary rule was violated.

The matter of appropriate discipline is the only point on which the committee and the board differ. The committee recommended public censure with probation, as provided for in Pa.R.D.E. 204(3). Despite the provision for probation in rule 204(3), this form of discipline is rarely used, except in cases where violations stem from physical or mental problems. In those cases the terms of probation are a prescribed method of care such that compliance with the terms of probation is easily monitored by those designated to care for the attorney.

In situations where the physical or mental problems are not involved, the imposition of probation creates "myriad problems attending its implementation." Problems which have been recognized include the appointment of volunteers to monitor the

probationer, the establishment of effective guidelines and the difficulty of evaluating results. In short, the board is not equipped to administer a probation system except in situations where the terms of probation can be monitored by outside professionals. Therefore, probation is not recommended for respondent in the case at hand.

## RECOMMENDATION

Based on the foregoing discussion the disciplinary board of the Supreme Court of Pennsylvania recommends that the matter be disposed of by public censure. The board further recommends that, pursuant to Pa.R.D.E. 208(g)(1), respondent be directed to pay the expenses incurred in the investigation and prosecution of this matter.

## ORDER

And now this September 3, 1987, upon consideration of the report and recommendations of the disciplinary board dated July 14, 1987, it is hereby ordered that [respondent] be subjected to public censure by the Supreme Court at the session of court commencing November 9, 1987, in Philadelphia. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to Pa.R.D.E. 208(g).